## Tom Barnes v. The State.

No. 9370. Delivered June 24, 1925.

**Assault to Murder—New Trial—Properly Refused.**

No statement of facts being before us we are unable to determine whether appellant's motion for a new trial on the ground of newly discovered evidence, has merit. Nor is the diligence antecedent to the trial to ascertain the purported knowledge of the witnesses mentioned, set out in said motion. No error being shown the cause is affirmed.

Appeal from the District Court of Lamar County. Tried below before the Hon. Ben H. Denton, Judge.

Appeal from a conviction of an assault to murder; penalty, four years in the penitentiary.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of four years.

The indictment, in regular form, charges that an assault was made upon John Northam. The case was tried before a jury, and upon the verdict rendered the judgment and sentence appear to have been regularly entered. The facts which were before the jury and the trial court are not brought here for review.

A new trial was sought upon the ground of newly discovered evidence of certain persons. Some of these persons, according to the motion, would testify that the day after the assault they visited the locality and observed the condition of the fence and fence posts. The relation of the fence or posts to the assault or the evidence adduced on the trial is not revealed by the motion for new trial nor otherwise by the record. Nothing advising this court of the relevancy or materiality of the proposed testimony is before this court. It is therefore manifestly without knowledge of facts which would enable it to appraise the merits of the motion. One of the alleged new witnesses would have related a conversation with Henry Jones in which Jones said he would send Tom Barnes to the penitentiary if he had to swear a lie. Jones may have been a witness and may have given material testimony for the State. This may have been a predicate for his impeachment by the purported statement. However, on these matters we are not advised by the record. The diligence to ascertain the purported knowledge of the witnesses mentioned antecedent to the trial is not set out. There are no bills of exception complaining of the rejection or admission of evidence.

The judgment is affirmed.

*Affirmed.*